[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10932

_____

Agency No. 10-CA-151454

COWABUNGA, INC.,

Petitioner-Cross Respondent,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent-Cross Petitioner.

_____

Petitions for Review of a Decision of the
National Labor Relations Board

_____

(June 26, 2018)

Before MARTIN and HULL, Circuit Judges, and RESTANI,[*] Judge.

HULL, Circuit Judge:

_____

[*]Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

In 2016, a three-member panel of the National Labor Relations Board ("NLRB") concluded that Cowabunga, Inc. ("Cowabunga") violated the National Labor Relations Act by maintaining and enforcing an employment agreement that (1) required its employees to individually arbitrate employment-related claims and waived its employees' rights to file class or collective action lawsuits against Cowabunga and (2) caused Cowabunga employees to reasonably believe that they were prohibited from filing unfair labor charges with the NLRB. Cowabunga petitioned this Court to review the NLRB panel's order, and the NLRB filed an application for enforcement of the NLRB panel's order.

After careful review, and with the benefit of oral argument, we (1) deny the NLRB's cross-application for enforcement, (2) grant Cowabunga's petition for review, and (3) reverse in part and remand in part the NLRB panel's order as set forth in this opinion.

## I.  BACKGROUND

### A.  Collective Action

From April 2014 until October 2014, Chadwick Hines worked as a pizza delivery driver for Cowabunga in Savannah, Georgia. On March 23, 2015, Hines filed a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., against Cowabunga. Hines alleged that Cowabunga violated the FLSA by under-reimbursing him for automobile expenses he incurred when

2

making pizza deliveries, which caused his net pay to fall below the federal minimum wage.  Hines filed his collective action on behalf of himself and similarly situated pizza delivery drivers employed by Cowabunga.

On April 30, 2015, Cowabunga filed a motion to dismiss Hines' complaint, or in the alternative, to stay and compel arbitration.  In support of its motion to compel, Cowabunga attached a copy of Hines' employment agreements with Cowabunga (the "Agreement").[1]  In the Agreement, Cowabunga and Hines agreed to resolve any "covered claim"—defined as including any claims arising from Cowabunga's compensation practice or any wage and payment claims arising under the FLSA[2]—exclusively through individualized arbitration rather than court litigation, as follows:

> We each hereby voluntarily promise, agree, and consent to resolve any claim covered by this Agreement through binding arbitration, rather than through court litigation.  We further agree that such binding arbitration pursuant to this Agreement shall be the sole and exclusive remedy for resolving any such covered claims or disputes.

---

[1]Hines signed two employment agreements with Cowabunga—the first on March 20, 2014 and the second on August 11, 2014.  Because the agreements are identical, we refer to them as one agreement.

[2]The agreements covered claims involving:

Any Cowabunga, Inc. policy, or compensation practice or benefit plans, including wage payment claims arising under the Fair Labor Standards Act ("FLSA"), or any state wage payment laws, claims arising under the Employee Retirement Income Security Act ("ERISA"), or any claims relating to a demand for reimbursement of or compensation for expenses allegedly incurred by Employee relating in any way to his or her employment with Cowabunga, Inc.

In addition, in the Agreement Hines waived his right to bring a covered claim against Cowabunga in a collective action lawsuit, as follows:

> No covered claims may be asserted as part of a multi-plaintiff class or collective action.  Moreover, no covered claims may proceed to arbitration on a multi-plaintiff, class or collective basis.  Rather, each allegedly-aggrieved employee must proceed to arbitration separately and individually, and the Employee's arbitration proceedings shall encompass only the covered claims purportedly possessed by such individual Employee.

On May 5, 2015, Hines dismissed his FLSA lawsuit without prejudice.[3]

## B.  § 8(a)(1) Unfair Labor Charge

On May 4, 2015, the day before he dismissed his FLSA lawsuit, Hines filed an unfair labor charge with the NLRB.  In his charge, Hines alleged that Cowabunga interfered with his rights under § 8(a)(1) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(1), by maintaining and enforcing the Agreement.  Hines' charge presented two claims: that the arbitration provision in Cowabunga's Agreement violated the NLRA by (1) prohibiting Cowabunga employees from filing collective action lawsuits and instead forcing the employees to individually arbitrate such claims and (2) causing Cowabunga employees to reasonably believe that they were prohibited from filing unfair labor charges with

---

[3]After Hines dismissed his FLSA lawsuit, Hines and Cowabunga consented to conditional certification of collective arbitration for the purposes of reaching a settlement. Subsequently, 563 of Hines' fellow Cowabunga delivery drivers opted in to the collective arbitration.  On August 3, 2016, the parties agreed on a settlement, which the arbitrator approved. On September 21, 2016, the district court in which Hines had originally filed the collective FLSA lawsuit reopened the case and confirmed the arbitration award.

4

the NLRB.  On February 26, 2016, a three-member panel of the NLRB granted summary judgment to Hines on both claims.

On March 2, 2016, Cowabunga petitioned this Court for review of the NLRB panel's order granting summary judgment.  On March 29, 2016, the NLRB filed a cross-application for enforcement of the NLRB panel's order with this Court.  We held oral argument on January 24, 2017.

On June 1, 2018, the NLRB filed an unopposed motion asking this Court to (1) grant Cowabunga's petition for review in part, (2) deny the NLRB's cross-application for enforcement in part, and (3) remand the remainder of the case to the NLRB, in light of the Supreme Court's decision in Epic Systems Corp. v. Lewis.

## II.  DISCUSSION

### A.  First Claim: Collective Action Bar

After the NLRB panel granted summary judgment, the Supreme Court decided Epic Systems Corp. v. Lewis, which forecloses Hines' first claim.  584 U.S. __, 138 S. Ct. 1612 (2018).  Epic Systems concerned the first claim advanced by Hines' unfair labor charge: whether employer-employee agreements that contain class and collective action waivers and require that employment disputes be resolved by individualized arbitration violate the NLRA.  Id. at __, 138 S. Ct. at 1619–21, 1632.  The Supreme Court held that such agreements do not violate the NLRA and that the agreements must be enforced as written pursuant to the Federal

Arbitration Act.  Id. at __, 138 S. Ct. at 1619, 1632.  In light of Epic Systems, we grant Cowabunga's petition for review and reverse the NLRB panel's ruling insofar as it held that Cowabunga violated the NLRA by maintaining and enforcing an employment agreement requiring that employment disputes be resolved through individualized arbitration.

## B.  Second Claim: Prohibiting Unfair Labor Charges

The NLRB panel's ruling as to Hines' second claim cannot stand, either. After the NLRB panel issued its order, the NLRB refashioned its test for determining whether an employer's allegedly facially neutral policy, such as the arbitration provision, would reasonably lead an employee to believe that he could not file an unfair labor charge with the NLRB.  See The Boeing Co., 365 N.L.R.B. No. 154 (Dec. 14, 2017) (abandoning the "reasonably construe" standard set forth in Lutheran Heritage Vill.-Livonia, 343 N.L.R.B. 646 (2004) and establishing a new standard).  The NLRB made this new standard retroactive.  Id. at 17.

Applying this new standard to Cowabunga's Agreement could result in a different ruling.  Thus, in accordance with the NLRB's request, we vacate the NLRB panel's grant of summary judgment on Hines' second claim and remand it to the NLRB so that it can apply the new standard set forth in The Boeing Co. and any other relevant law.  Mercedes-Benz U.S. Int'l, Inc. v. Int'l Union, UAW, 838 F.3d 1128, 1134 (11th Cir. 2016) ("[A]n administrative order cannot be upheld

6

unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained." (quoting SEC v. Chenery Corp., 318 U.S. 80, 95, 63 S. Ct. 454, 462 (1943))).

## III.  CONCLUSION

We deny the NLRB's cross-application for enforcement of the NLRB panel's order.  We grant Cowabunga's petition for review and reverse the NLRB panel's order as to claim one and vacate and remand that order as to claim two.[4]

**NLRB'S CROSS-APPLICATION FOR ENFORCEMENT DENIED; COWABUNGA'S PETITION FOR REVIEW GRANTED AND THE NLRB PANEL'S ORDER IS REVERSED IN PART AND REMANDED IN PART.**

---

[4]We deny the NLRB's June 1, 2018 motion as moot.